## In re FARRAR.

(District Court, D. Vermont. November 22, 1904.)

1. PRISONS—ALLOWANCE FOR GOOD TIME—FEDERAL STATUTE.

Section 1 of Act June 21, 1902, c. 1140, 32 Stat. 397 [U. S. Comp. St. Supp. 1903, p. 448], providing for an allowance for good time to "each prisoner who has been or shall hereafter be convicted of any offense against the laws of the United States and is confined in execution of the judgment," is to be given effect in accordance with its express terms in favor of a prisoner who was convicted prior to its passage, notwithstanding the provision of section 3 that "this act * * * shall apply only to sentences imposed by courts subsequent to the time that this act takes effect, as hereinbefore provided," which, in view of the direct conflict which would result if applied to section 1, must be construed as applying only to section 2, providing for the restoration by the Attorney General of allowances for good time which have been forfeited.

Habeas Corpus.

L. C. Moody, for relator.

James L. Martin, U. S. Atty.

WHEELER, District Judge. The first section of chapter 1140, 32 Stat. 397, approved June 21, 1902 [U. S. Comp. St. Supp. 1903, p. 448], provides clearly "that each prisoner who has been or shall hereafter be convicted of any offense against the laws of the United States, and is confined in execution of the judgment," whose record of conduct shows that he has faithfully observed all the rules, and not been subjected to punishment, shall be entitled to a deduction from the term of his sentence of several days for each month, according to its length. The relator comes exactly within the words of that section, and according to them his term of imprisonment expired October 24th, and he is entitled to be discharged. There is no proviso or qualification to that section. A separate section (2) authorizes the Attorney General to restore time forfeited in federal penitentiaries without limitation. A third section provides that the act shall take effect after 30 days from its approval, and apply only to sentences imposed subsequent to that time, "as hereinbefore provided." If the first section did not expressly apply to each prisoner who has been convicted as well as to those who should be, the third section would plainly cut off the relator; and, if the third section did not expressly provide that the act should only apply to subsequent sentences, he would be left within the first section. The intent of Congress is to be found, not guessed at, from the words, and all of the words, of the act, and every word is to have effect, if it can have. If there are any words that the limitations of the last section can be applied to besides the express words of the first section, they should be applied to those general words, so as to leave effect for all. The provisions of the second section being wholly free, those of the third can be applied to them without touching the very express provisions of the first. This will leave all words to have some operation, and somewhat reconcile what would otherwise be a plain contradiction, which makes it all in any view doubtful. The doubts should, upon common principles, so far as they fairly can, be resolved in favor of liberty.

Relator discharged.