### WOODWARD v. BRIDGES, Warden.

(District Court, D. Massachusetts. January 22, 1906.)

No. 1,751.

1. PRISONS—REDUCTION OF TERM OF IMPRISONMENT—GOOD CONDUCT—STATUTES—APPLICABILITY.

Act. Cong. June 21, 1902, c. 1140, § 1, 32 Stat. 397 [U. S. Comp. St. Supp. 1905, p. 731] entitles any prisoner to the deduction for which the act provides, who "has been or shall hereafter be convicted," etc., but section 3 declares that the act shall take effect from and after 30 days from its date and that it shall apply only to sentences imposed subsequent to the time of its taking effect. Held, that the act did not apply to a prisoner, who was convicted and sentenced on March 24, 1902.

[Ed. Note.—For cases in point, see vol. 40, Cent. Dig. Prisons, § 26.]

2. CRIMINAL LAW—CUMULATIVE SENTENCES—COMPUTATION OF TIME.

Where petitioner was sentenced on four indictments to cumulative sentences of 18 months on three of them and 6 months on the last, and claimed that such 6 months' sentence was illegal, the deduction for good time to which he was entitled, as provided by Rev. Laws Mass., c. 225, § 113, should be allowed from the aggregate of the three lawful sentences, and not from the aggregate of all four.

3. HABEAS CORPUS—IMPRISONMENT—RIGHT TO DISCHARGE.

Where a petitioner was sentenced to serve cumulative terms on four indictments, the last of which sentence only was claimed to be erroneous, and, making all deductions from the three sentences to which he was entitled, he was not entitled to his release at the time he sued out a writ of habeas corpus, the writ would be denied.

4. SAME—GROUNDS.

That the books and records kept by the warden of a state's prison in which petitioner was incarcerated did not show, and that the warden could not state, when any one of the sentences imposed on petitioner had expired, was not sufficient ground for the issuance of a writ of habeas corpus.

Habeas Corpus.

The following stipulation is of record in this cause:

In the above-entitled cause it is agreed by parties: That the petitioner, William C. Woodward is now confined in the Massachusetts State Prison in the district of Massachusetts under sentences imposed by the United States District Court for the District of Massachusetts.

On March 24, 1902, the petitioner pleaded guilty to four indictments in said District Court, numbered respectively 237, 238, 239, and 240, and on the same day was sentenced to serve terms of imprisonment as follows: On No. 237, 18 months; on No. 238, 18 months; on No. 239, 18 months; and on No. 240, 6 months—all said sentences to be executed in the Massachusetts State Prison in the foregoing order. That the petitioner's conduct during his term of imprisonment has up to this time been good, and of a character to secure to him any legal commutation of such sentences, or any of them, to

which he might under the laws applicable in such cases be entitled. That, the aggregate of the petitioner's sentences being five years, the last sentence would expire March 24, 1907. That the commutation to which the petitioner would be entitled if his conduct should continue to be good, as estimated by the warden of the state prison upon the aggregate of his several sentences, under the provisions of section 113 of chapter 225 of the Revised Laws of Massachusetts, is 300 days, and, if his conduct should continue to be good, he would be released upon a permit issued by the prison commissioners, in accordance with the last-mentioned section of the Revised Laws, on May 28, 1906.

The books or records kept by the warden of the prison do not show, nor can he state. when any of the petitioner's sentences have expired.

If the petitioner is entitled to the commutation for good behavior provided for by Act June 21, 1902, c. 1140, 32 Stat. 397 [U. S. Comp. St. Supp. 1905, p. 731], assuming that the commutation were based upon the aggregate sentences of five years, he would be entitled to be released December 1, 1905; if upon the first three sentences of 18 months each, and assuming the 6 months' sentence to be illegal, he would be entitled to be released September 11, 1905.

If the petitioner is entitled to the deductions as provided by section 113 of the Revised Laws of Massachusetts, hereinbefore mentioned, he would, if the six months' sentence be illegal, and if he be entitled to a deduction upon the aggregate of his four sentences, be entitled to be released December 24, 1905.

If the deductions should be estimated upon the aggregate of the first three sentences, or four years and six months, under the provisions of said section 113, he would be entitled to be released February 18, 1906.

Wm. T. Way, for petitioner.

William H. Garland, Asst. U. S. Atty., for respondent.

DODGE, District Judge. Benjamin F. Bridges, warden of the Massachusetts State Prison, having duly appeared to show cause why the writ prayed for in this petition should not issue, a hearing was had upon facts agreed upon by him and the petitioner, as set forth in their stipulation filed January 18th. There was no other evidence before me at the hearing.

1. Upon the facts agreed, the petitioner is unlawfully detained in said state prison, if Act Cong. June 21, 1902, c. 1140, 32 Stat. 397 [U. S. Comp St. Supp. 1905, p. 731] applies to his case. This is true, even if all four of the sentences imposed upon him March 24, 1902, be taken as lawful and valid. The last of those sentences would expire March 24, 1907, irrespective of any deduction of time earned by good conduct. The petitioner's conduct while in prison has been such as to entitle him to a deduction, under the act of Congress referred to, of eight days for each month of the five years, which is the aggregate of all the sentences. Making this deduction, he would be entitled to release December 1, 1905.

But, in my opinion, the provisions of the act of Congress referred to do not apply to his case. That act was approved June 21, 1902, and was to take effect, according to section 3, from and after 30 days from that date. According to the same section, it was to apply only to sentences imposed subsequent to the time of its taking effect. The petitioner's sentence was imposed before that time.

It is true that section 1 of the act referred to entitles any prisoner to the deduction for which the act provides, who "has been or shall hereafter be convicted," etc., and that the petitioner was convicted

March 24, 1902, the day on which he was sentenced, and that he would thus be entitled to deduction according to the terms of the act, but for the provisions of section 3. The petitioner contends that the provisions of section 3, which purport to limit the application of the act to sentences imposed after it took effect, so limit only the provisions of section 2 of the act, and do not so limit the provisions of section 1. He cites in support of his contention In re Farrar (D. C.) 133 Fed. 254, in which the construction for which he contends was adopted.

With due respect for the authority of the decision cited, I am unable to follow it upon the question thus raised. It does not seem to me that any such contradiction exists between section 1 and section 3 as to make it necessary to say that the provisions of section 3 are to be understood as referring only to those of section 2. While by section 1 a prisoner convicted before the act took effect may be entitled to the deduction provided for, he is, by section 3, to be so entitled only in case he is sentenced after the act took effect. Sentence is a distinct thing from the conviction whereon it is founded. Commonwealth v. Lockwood, 109 Mass. 323, 12 Am. Rep. 699. It may be, and often is, separated from conviction by a considerable interval of time. If the provisions of section 3 are to be regarded as contradicting those of section 1, they can be so regarded only upon the assumption that by "convicted of" in section 1 is meant "convicted of and sentenced for," an assumption which seems to me without sufficient warrant. Inasmuch as the petitioner's sentences were imposed before and not after the act took effect, I hold that he is not within its terms, and is not entitled to the deduction for which it provides, but is entitled only to such deduction as was allowed by law before it took effect.

2. The deduction to which he is entitled is therefore that allowed by section 113 of chapter 225 of the Revised Laws of Massachusetts, according to Rev. St. U. S., §§ 5543, 5544 [U. S. Comp. St. 1901, p. 3721]. He contends that the last sentence of six months is unlawful, because, though a sentence ordered to be executed in a state penitentiary, it was a sentence for less than one year, and therefore contrary to Rev. St. U. S., § 5541. Granting this contention, the deduction to which he is entitled must be that which would be allowed from the aggregate of the three lawful sentences, not that which would be allowed from the aggregate of all four. He cannot claim the six months' sentence to be unlawful, and at the same time use it as part of the basis for deduction from the other lawful sentences. Making all the deduction from those sentences to which he is entitled, he will not in any case be entitled to release before February 18, 1906, and cannot now say that he is being held under the sentence claimed to be unlawful.

3. That the books or records kept by the warden of the state prison do not show, and that the warden cannot state when any one of the sentences imposed has expired, is not sufficient ground for the issuance of the writ.

The petition is denied.